**Electronically Filed
Intermediate Court of Appeals
30503
20-APR-2011
08:20 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I, Plaintiff-Appellant, v.
MICHELE N. RODRIGUES, aka: Michelle Pacheco, Defendant-Appellee

NO. 30503

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 09-1-1666)

APRIL 20, 2011

FUJISE, PRESIDING JUDGE, LEONARD AND REIFURTH, JJ.

OPINION OF THE COURT BY LEONARD, J.

Plaintiff-Appellant State of Hawai'i (**State**) appeals from the Order Granting Defendant's Motion to Dismiss Counts II and III of Complaint with Prejudice (**Dismissal Order**), filed on April 20, 2010, in the Circuit Court of the First Circuit (**Circuit Court**).[1]  In the Dismissal Order, the Circuit Court dismissed Count II, which alleged Unauthorized Possession of Confidential Personal Information (**UPCPI**) in violation of Hawaii

---

[1]  The Honorable Glenn J. Kim presided.

Revised Statutes (**HRS**) § 708-839.55 (Supp. 2009), and Count III, which alleged Identity Theft in the Third Degree (**Identity Theft 3**) in violation of HRS § 708-839.8 (Supp. 2009), against Defendant-Appellee Michele Rodrigues, also known as Michelle Pacheco (**Rodrigues**).

On appeal, the State contends that the Circuit Court erred when it concluded that the UPCPI statute[2] and the Identity Theft 3 statute[3] require "impersonation" of the victim and thus the court erred when it dismissed Counts II and III for insufficient evidence of impersonation of the victim. We agree.

I. BACKGROUND

According to Rodrigues's summary of the facts set forth in the police reports, on October 18, 2009, the victim left his

_____

[2]    HRS § 708-839.55 provides:

> **Unauthorized possession of confidential personal information.** (1) A person commits the offense of unauthorized possession of confidential personal information if that person intentionally or knowingly possesses, without authorization, any confidential personal information of another in any form, including but not limited to mail, physical documents, identification cards, or information stored in digital form.
> (2) It is an affirmative defense that the person who possessed the confidential personal information of another did so under the reasonable belief that the person in possession was authorized by law or by the consent of the other person to possess the confidential personal information.
> (3) Unauthorized possession of confidential personal information is a class C felony.

[3]    HRS § 708-839.8 provides:

> **Identity theft in the third degree.** (1) A person commits the offense of identity theft in the third degree if that person makes or causes to be made, either directly or indirectly, a transmission of any personal information of another by any oral statement, any written statement, or any statement conveyed by any electronic means, with the intent to commit the offense of theft in the third or fourth degree from any person or entity.
> (2) Identity theft in the third degree is a class C felony.

2

waist pouch containing his checkbook in his company van. The next day, the victim discovered that his checkbook was missing and he asked his wife to notify their bank. On October 20, 2009, Rodrigues entered a payday loan establishment to cash one of the checks from the missing checkbook. The check in the amount of $80 was made out to Rodrigues, who told the sales manager that it was payment for babysitting. The sales manager became suspicious, called the telephone number imprinted on the check, and was informed that the check had been stolen. The police were called. The victim denied that the signature on the check was his, informed the police that he did not know Rodrigues, and stated that he had not written the check to Rodrigues.

On October 27, 2009, the State filed its Complaint, charging Rodrigues with three counts: (1) Forgery in the Second Degree in violation of HRS § 708-852 (Supp. 2009) (Count I);[4] (2) UPCPI (Count II); and (3) Identify Theft 3 (Count III).

On December 7, 2009, Rodrigues filed a motion to dismiss Counts II and III on the grounds that she acted in a continuous course of conduct and should be subject to conviction on Count I only because Counts II and III merged with Count I. The State filed a memorandum in opposition, in which the State argued that the three counts do not merge and that, even if they did, the State has a right to prosecute the Defendant for all

---

[4] HRS § 708-852 provides:

> **Forgery in the second degree.** (1) A person commits the offense of forgery in the second degree if, with intent to defraud, the person falsely makes, completes, endorses, or alters a written instrument, or utters a forged instrument, or fraudulently encodes the magnetic ink character recognition numbers, which is or purports to be, or which is calculated to become or to represent if completed, a deed, will, codicil, contract, assignment, commercial instrument, or other instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status.
> (2) Forgery in the second degree is a class C felony.

3

three counts. At the January 6, 2010 hearing, with respect to Count II, Rodrigues argued that she had not "tried to pass herself off as anyone but herself." As to Count III, Rodrigues argued that the only document that she had in her possession was the check itself. The State responded that there was no statutory requirement that Rodrigues attempt to assume the identity of another person and that the check constituted "personal information" because it contained the account holder's name, address, bank routing information, and bank account number. After the hearing, including review of certain stipulated evidence, the Circuit Court concluded that the three counts did not merge, but the factual allegations were insufficient to support the charges in Counts II and III. Accordingly, Counts II and III were dismissed. The State's motion for reconsideration was denied. The State timely filed a notice of appeal.

II. DISCUSSION

A. The UPCPI Statute Does Not Require Impersonation

The UPCPI statute provides that a person commits the offense if that person "intentionally or knowingly possesses, without authorization, any confidential personal information of another in any form, including but not limited to mail, physical documents, identification cards, or information stored in digital form." HRS § 708-839.55. "Confidential personal information" is statutorily defined as:

> information in which an individual has a significant privacy interest, including but not limited to a driver's license number, a social security number, an identifying number of a depository account, a bank account number, a password or other information that is used for accessing information, or any other name, number, or code that is used, alone or in conjunction with other information, to confirm the identity of a person.

HRS § 708-800 (Supp. 2009).

The Circuit Court concluded that "impersonation by the defendant of the person whose identity is being confirmed is

4

implicit in the applicable definitions [of confidential personal information and personal information]." The Circuit Court clarified that "in a nutshell . . . person A has to be using the information to say I'm person B." Rodrigues urges us to adopt this interpretation.

Rodrigues acknowledges that, in this case, the bank routing number combined with the checking account information would constitute confidential personal information. Rodrigues further acknowledges that, based on the plain language of the statute, Rodrigues knowingly possessed a check containing confidential personal information as described in HRS § 708-800, thereby violating HRS § 708-839.55 on its face by knowingly possessing the victim's confidential personal information without his authorization. Rodrigues maintains, however, that the literal interpretation of the statute under the facts presented here would lead to an absurd or unjust result because an individual who simply presents a forged check could then be convicted of at least three separate felonies for the same conduct, *i.e.*, forgery, UPCPI, and identity theft.

The Hawai'i Supreme Court has often stated the following, well-established, principles of statutory interpretation:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists. And fifth, in construing an ambiguous statute, the meaning of the ambiguous words may be sought by examining the context, with which the ambiguous words, phrases, and sentences may be compared, in order to ascertain their true meaning.

Haw. Gov't Emps. Ass'n, AFSCME Local 152 v. Lingle, 124 Hawai'i 197, 202, 239 P.3d 1, 6 (2010) (citations omitted).

The supreme court has also held that "departure from a literal construction of a statute is justified when such construction would produce an absurd result and the literal construction in the particular action is clearly inconsistent with the purposes and policies of the act." Estate of Roxas v. Marcos, 121 Hawai'i 59, 67, 214 P.3d 598, 606 (2009) (internal quotation marks, citations, and elipses omitted).

The plain, obvious, and unambiguous meaning of the UPCPI statute merely requires intentional or knowing unauthorized possession of confidential personal information. There is no statutory language requiring that the confidential personal information actually be used to impersonate another person in order to constitute the offense.

Rodrigues accurately states that the legislative history indicates the UPCPI statute was intended to work in conjunction with identity theft statutes to allow prosecution of persons who had misappropriated confidential personal information, were in possession of it, but had not yet used it to cause a monetary loss. For example, a conference committee report states, in part:

> Hawaii law enforcement has found it difficult to curb the rise in identity theft-related crimes, as identity thieves in possession of personal information who have not yet caused a monetary loss to the victim cannot be prosecuted for crimes other than petty misdemeanor thefts.
> . . . .
> Your Committee on Conference has amended this measure by replacing its substance with the language from S.B. 2159, S.D. 2. The language from the S.D. 2 increases the protection of personal information by making it a class C felony to intentionally or knowingly possess confidential information of another without authorization[.]

2006 House Journal at 1822, Conf. Comm. Rep. 111-06 on S.B. No. 2159. The "Commentary" to HRS § 708-839.55 provides:

> Act 139, Session Laws 2006, added this section to increase the protection of personal information by making it a class C felony to intentionally or knowingly possess the confidential information of another without authorization. Hawaii law enforcement has found it difficult to curb the rise in identity theft-related crimes when identity thieves in possession of personal information who have not yet caused a monetary loss to the victim cannot be prosecuted for crimes other than petty misdemeanor thefts. The legislature found that adding a law to make intentionally or knowingly possessing the confidential information of another without authorization a class C felony would help to deter identity theft crimes. Senate Standing Committee Report No. 2636, Conference Committee Report No. 111-06.

The UPCPI statute was clearly intended to allow prosecution for unauthorized possession *before* a monetary loss occurs. That purpose is in no way inconsistent with the prosecution in this case, where a monetary loss from the consummation of the check-cashing appears to have been avoided by the alert actions of the payday loan establishment manager. Indeed, even if Rodrigues had been successful in obtaining money here, her prosecution under the UPCPI statute's stated purpose of "making it a class C felony to intentionally or knowingly *possess* confidential information of another without authorization." Id. (emphasis added). To construe the UPCPI statute in such a way as to require "impersonation" would be contrary to the Legislature's manifest intent to criminalize mere unauthorized possession.

Accordingly, we conclude that the Circuit Court erred in its construction of the UPCPI statute.

B. Identity Theft 3

The Identity Theft 3 statute provides that a person commits the offense if that person "makes or causes to be made, either directly or indirectly, a transmission of any personal information of another by any oral statement, any written statement, or any statement conveyed by any electronic means, with the intent to commit the offense of theft in the third or

fourth degree from any person or entity."  HRS § 708-839.8.
"Personal information" is statutorily defined as:

> [I]nformation associated with an actual person or a
> fictitious person that is a name, an address, a telephone
> number, an electronic mail address, a driver's license
> number, a social security number, an employer, a place of
> employment, information related to employment, an employee
> identification number, a mother's maiden name, an
> identifying number of a depository account, a bank account
> number, a password used for accessing information, or any
> other name, number, or code that is used, alone or in
> conjunction with other information, to confirm the identity
> of an actual or a fictitious person.

HRS § 708-800(1993).

Again, it is undisputed that the information on the
subject check was "personal information" within the meaning of
HRS § 708-883(1) and Rodrigues used this personal information in
an attempt to obtain $80 from the victim's checking account.
Based on the plain language of the statute, Rodrigues transmitted
this personal information to the payday loan establishment
employee with requisite intent to commit the offense of theft in
the fourth degree.  See HRS § 708-833(1) (1993) ("A person
commits the offense of theft in the fourth degree if the person
commits theft of property or services of any value not in excess
of $100.)  The Identity Theft 3 statute does not require
impersonation of a person in order to constitute the offense,
only the transmission of a person's personal information with the
intent to commit the specified theft offense.  See HRS § 708-
839.8.  Although the purpose of this statute clearly includes
establishing a criminal penalty for stealing or using the
identity of another, nothing in the legislative history supports
Rodrigues's argument that her prosecution under the Identity
Theft 3 statute would lead to an absurd or unjust result because
the basic crime is forgery or theft.

Accordingly, we conclude that the Circuit Court erred
in its construction of the Identity Theft 3 statute.

III. CONCLUSION

For these reasons, the Circuit Court's April 20, 2010 Dismissal Order is vacated and this case is remanded for proceedings consistent with this Opinion.

On the briefs:

Brian R. Vincent
Deputy Prosecuting Attorney
for Plaintiff-Appellant

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellee